## Martin's of Erie, Inc. v. Middletown Merchandise Mart, Inc.

*Archie V. Diveglia*, for plaintiff.
*William C. Kollas*, for defendant.

LIPSITT, *J.*, May 13, 1977—Before the court are exceptions filed to the verdict of this court in a non-jury trial wherein the judge found in favor of plaintiff, Martin's of Erie, Inc., in the amount of $4,342.96 and against defendant, Middletown Merchandise Mart, Inc. The case was presented on briefs to the court en banc on May 4, 1977.

Briefly the facts are as follows. On March 7, 1969, plaintiff entered into an agreement with defendant whereby plaintiff rented a space in defendant's merchandise mart. Relevant to this litigation was a provision in the lease requiring defendant to pay two percent of the gross income of Martin's concession for an advertising allowance. The said lease was to terminate on March 31, 1974. However, prior to the latter date, difficulties arose between the parties, and it was agreed to terminate the lease arrangement. A letter of termination was forwarded by plaintiff to defendant dated March 15, 1973, and, after a slight modification, was approved and accepted by defendant. The letter contained a paragraph stating "Neither of us will have any further claim against the other for anything else which may be contained in our concession agreement. . . ."

It is not disputed that the sum of $914.82 is due to plaintiff, which represents the receipts from its last week in business. The verdict also reflected other adjustments which are not contested. The only substantial issue and the basis for the exceptions was the amount due to plaintiff by reason of the two percent rebates allowed under the lease arrange-

ment for the years 1969, 1970 and 1971. At the time the termination agreement was entered into, the testimony showed that Martin's of Erie, Inc. was aware that the two percent rebates for the years 1972 and 1973 had not been paid to it. Thus, the court found the amount of $1,500, which represented the two percent rebates owed for the years 1972 and 1973, should be deleted from the claim of plaintiff. However, the court granted to plaintiff its claim for the two percent rebates for the years 1969, 1970 and 1971 because it found plaintiff did not discover it had not been paid that two percent until after the agreement of March 15, 1973, had been made.

Defendant contends the two percent rebate allowed was improper because the agreement of March 15, 1973, when executed, constituted an accord and satisfaction of the contract of March 7, 1969. It cites as authority sections 418 and 419 of the Restatement, Contracts (1932), which provide in effect that a subsequent contract may be accepted as satisfaction and discharge of a pre-existing contractual duty or duty to make compensation. Defendant argues that by reason of the agreement of March 15, 1973, defendant no longer owed plaintiff a two percent rebate for an advertising allowance.

The difficulty with accepting defendant's position is that Martin's of Erie, Inc. was not aware it was not paid this rebate from 1969 to 1971 when the termination letter of March 15, 1973, was sent. And indeed it is doubtful that the Middletown Merchandise Mart, Inc. had knowledge of it. The accounting between the parties was most haphazard. In addition to the defense of a release, defendant in its

answer to the complaint asserted that plaintiff is not entitled to any amounts alleged as rebates because plaintiff "has received all rebates to which it is entitled on a regular basis." Thus, neither party had complete information relative to the advertising allowance when the termination agreement was entered.

As the fact finder, the court found the rebate was not paid. While the agreement of March 15, 1973, has validity, a contractual provision cannot be sustained where a mutual mistake of fact is evident. It is hornbook that a contract requires a meeting of the minds and this did not prevail in connection with the right to the rebate. The court did find that plaintiff knew the rebate was not paid for the years 1972 and 1973 at the time of the agreement in March of 1973, and could not recover for these two years under the provisions under the contract of termination, but where there was a mutual mistake as to the prior years, recovery was permitted.

Accordingly, we enter the following

## ORDER

And now, May 13, 1977, the exceptions of defendant, Middletown Merchandise Mart, Inc., to the verdict of the court rendered October 7, 1974, are dismissed, and the verdict rendered in favor of plaintiff, Martin's of Erie, Inc., in the amount of $4,342.96 is sustained.